865 A.2d 658

IN THE MATTER OF LARRY J. MCCLURE, AN ATTORNEY
AT LAW (ATTORNEY NO. 267521971).

January 28, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–301, concluding that **LARRY J. McCLURE**, formerly of **HACKENSACK**, who was admitted to the bar of this State in 1971, and who has been suspended from the practice of law since May 21, 2003, by Orders of the Court filed on April 25, 2003, and June 3, 2004, should be suspended from the practice of law for a period of one year for violating *RPC* 8.1(b)(failure to cooperate with ethics authorities), *RPC* 8.4(d)(conduct prejudicial to the administration of justice), and failure to file the affidavit required by *Rule* 1:20-20;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to provide proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **LARRY J. McCLURE** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent remain suspended from practice until the conclusion of all ethics matters pending against him; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and

that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.